**Commonwealth v. Monroe**

358

*Carl Vascaro,* for Commonwealth.
*Franklin D. Green,* for appellant.

DiBONA, E. F., *J.*, February 17, 1979—On February 20, 1978, the Secretary of the Pennsylvania Department of Transportation suspended for one year the privileges to inspect motor vehicles of Edward Monroe and M-L Auto Repairs. The suspension was appealed and a hearing was held before this court on July 20, 1978.

Defendant, Edward Monroe, was charged with allegedly falsifying inspection records in violation of section 4731 of the Vehicle Code, 75 Pa.C.S.A. §4731. This section provides that "[a] record shall be made of every inspection and every certificate issued and the record shall be forwarded to the department in the manner and at the time the department shall specify by regulation. An official inspection station and its records shall be open for inspection by any police officer or authorized department employee."

Section 5.16(B)(2) of the official inspection regulations promulgated by the Department of Transportation states that the sticker cannot be issued until the vehicle has been inspected and passed all requirements. The sticker will be issued immediately following the last step of the inspection, the road test.

However, section 3.2 of the official Inspection Station Instruction Manual, dated August, 1972, published by the Bureau of Traffic Safety Inspection Division reads as follows: "The owner or operator of all Public Inspection Stations must keep a few inspection stickers on hand at all times, during the entire inspection period(s), so that customers will not be denied an inspection. It will not be considered a violation to accidently run out of

stickers but do not refuse to inspect a vehicle because you neglected or refused to order additional stickers."

The sole evidence in support of the defendant's charges consisted of the testimony of Trooper Hill, who stated that his investigation into the business practices of Edward Monroe revealed the following:

1. That 35 vehicles inspected by defendant prior to November 14, 1977, had inspection stickers thereon which had been issued to defendant on November 14, 1977;

2. That seven vehicles inspected by defendant on October 5, 1977, had inspection stickers affixed thereon, said stickers having been obtained from the Department of Transportation on October 6, 1977; and

3. That 14 vehicles inspected by defendant prior to October 27, 1977, had inspection stickers placed thereon which were issued to the defendant on October 27, 1977.

The above-stated evidence presented by the Commonwealth was insufficient in that it failed to show that defendant violated any of the provisions of the Vehicle Code. To inspect a vehicle on one day and affix a sticker on the vehicle on a subsequent day is not a violation of section 4731 provided that the vehicle was properly inspected, the vehicle passed inspection; no inspection sticker was available to place on the vehicle at the completion of the inspection; and the proper forms correctly reflect the date of inspection.

As the Commonwealth's evidence failed to show that defendant did not meet any of the above requirements, this court sustains defendant's appeal as per this court's orders of September 21, 1978, and October 4, 1978.